## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **POLYMER DYNAMICS, INC.** | : | **CIVIL ACTION** |
|  | : |  |
| **Plaintiff,** | : | **NO. 99-4040** |
|  | : |  |
| v. | : |  |
|  | : |  |
| **BAYER CORPORATION** | : |  |
|  | : |  |
| **Defendant.** | : |  |

## <u>PLAINTIFF'S REQUESTED JURY INSTRUCTIONS</u>

Plaintiff Polymer Dynamics, Inc. respectfully requests that the Court charge the jury as follows.

Respectfully submitted,

**MCKISSOCK & HOFFMAN, P.C.**

By: _____

J. Bruce McKissock
I.D. Number 13036
Geraldine D. Zidow
I.D. Number 57407
Andrew L. Salvatore
I.D. Number 74797
1818 Market Street, 13th Floor
Philadelphia, Pennsylvania 19103
(215) 246-2100
Attorneys for Plaintiff, Polymer Dynamics, Inc.

# I.   KEVIN F. O'MALLEY, ET AL., FEDERAL JURY PRACTICE & INSTRUCTIONS, CIVIL, VOL. 3 (WEST GROUP 5TH ED. 2000)

101.13          Notetaking Permitted. *(Bayer also asks for this instruction. At the time the "Joint" Requests for Instructions were submitted, PDI was not certain whether to ask for this instruction. The Court now may consider this a "joint" request instruction.)*

101.16          Questions by Jurors – Prohibited.

104.24          Notice of Knowledge – Duty of Inquiry.

104.25          Failure to Call Available Witness.

104.26          Failure to Produce Available Evidence.

104.27          Suppression or Fabrication of Evidence.

104.40          Expert Witness.

127.12          Confidential Relationship.

127.13          Misappropriation.

127.14          Compensatory Damages.

# II.   PENNSYLVANIA SUGGESTED STANDARD JURY INSTRUCTIONS

15.26           Damages – Generally

## SECTION III JURY INSTRUCTION INDEX

**Plaintiff's
Requested
Charge No.**

**Title**

| Charge No. | Title |
| --- | --- |
| 1 | Fraud – Burden of Proof |
| 2 | Elements of Fraud |
| 3 | Fraud – Element of Misrepresentation |
| 4 | Fraud – Deceit |
| 5 | Fraud – Form of Misrepresentation |
| 6 | Fraud – Promise |
| 7 | Fraud – Inducing Another to Act |
| 8 | Fraud – Nondisclosure/Concealment |
| 9 | Negligent Misrepresentation |
| 10 | Fraud – Measure of Damages |
| 11 | Breach of Contract – Ascertaining Intent |
| 12 | Multiple Documents May Form Contract |
| 13 | Breach of Contract – Duty of Good Faith |
| 14 | Breach of Contract – Failure to Keep a Promise |
| 15 | Breach of Contract – Damages –Expectation Interest |
| 16 | Breach of Contract – Damages – Fully Compensate for All Losses |
| 17 | Breach of Contract – Damages – Deprivation of a Chance |

| **Plaintiff's Requested Charge No.** | **Title** |
|---|---|
| 18 | Breach of Contract – Reasonable Estimate of Damages |
| 19 | Breach of Contract – Damages-UCC |
| 20 | Breach of Contract -- Damages – Proof of Lost Profits |
| 21 | Breach of Contract – Damages – Loss of Anticipated Profits |
| 22 | Breach of Contract – Damages – Mathematical Certainty Not Required |
| 23 | Trade Secret – Definition |
| 24 | Unfair Competition – Definition of Trade Secret |
| 25 | Unfair Competition – Imposition of Liability |
| 26 | Trade Secrets/Unfair Competition/Disclosure Agreement – Damages |
| 27 | Trade Secrets/Unfair Competition/Disclosure Agreement – Lost Profits |
| 28 | Punitive Damages |

## III.    INSTRUCTIONS FROM VARIOUS AUTHORITIES

Plaintiff's Requested Charge No. 1

### Fraud – Burden of Proof

The Plaintiff claims that the Defendant committed a fraud upon it.  "[F]raud or intent to defraud must be proved by 'evidence that is clear, precise and convincing.'

. . . .

Fraud may be established not only by direct proof but also by circumstantial evidence."

*See Allstate Ins. Co. v. A.M. Pugh Assoc. Inc.*, 604 F. Supp. 85, 98 (M.D. Pa. 1984) (quoting

*Snell v. Commonwealth*, 490 Pa. 277, 281, 416 A.2d 468, 470 (1980).

Given _____
Refused _____
Modified _____

3

Plaintiff's Requested Charge No. 2

### **Elements of Fraud**

"Fraud is the misrepresentation of a material fact on which the other party relies to his

injury. To succeed on this claim, plaintiff must show: (1) A misrepresentation; (2) a fraudulent

utterance thereof; (3) an intention that another person will thereby be induced to act or to refrain

from acting; (4) justifiable reliance by the recipient; and (5) damages to the recipient."

*Murr v. National Computer Systems*, No. 88-5833, 1988 U.S. Dist. LEXIS 13897, at *3 (E.D. Pa.

December 8, 1988) (citing *Harrison v. Fred S. James, P.A., Inc.*, 558 F. Supp. 438 (E.D. Pa.

1983).

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 3

**<u>Fraud – Element of Misrepresentation</u>**

"With regard to the misrepresentation element [of fraud], it need not be in the form of a

positive assertion but rather, is any artifice by which a person is deceived to his disadvantage."

*Olkowski v. Prudential Ins. Co. of America*, 584 F. Supp. 1140, 1141 (E.D. Pa. 1984).

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 4

## **Fraud - Deceit**

Fraud is in essence deceit, and ". . . consists in anything calculated to deceive, whether by single act or combination, or by suppression of truth, or a suggestion of what is false, whether it be direct falsehood or by innuendo, by speech or silence, word of mouth, or look or gesture. It is any artifice by which a person is deceived to his disadvantage."

*See Edelen & Boyer Co. v. Kawasaki Loaders*, No. 92-CV-1990, 1994 U.S. Dist. LEXIS 12579, at *8  (E.D. Pa. Sept. 7, 1994) (quoting *In re McClellan's Estate,* 365 Pa. 401, 407, 75 A.2d 595, 598 (1950)).

Given _____
Refused _____
Modified _____

6

Plaintiff's Requested Charge No. 5

### **Fraud - Form of Misrepresentation**

"A statement of present intention which is false when uttered may constitute a fraudulent misrepresentation of a fact."

*Brentwater Homes, Inc. v. Weibley*, 471 Pa. 17, 23, 369 A.2d 1172, 1175 (1977).

Given _____
Refused _____
Modified _____

7

Plaintiff's Requested Charge No. 6

## **Fraud – Promise**

"[A] promise to do something in the future in itself does not constitute fraud but fraud may be predicated on the nonperformance of a promise made as a device to accomplish the fraud."

*Commonwealth v. Meyer*, 169 Pa. Super. 40, 44, 82 A.2d 298, 301 (1951).

Given _____
Refused _____
Modified _____

8

Plaintiff's Requested Charge No. 7

**Fraud – Inducing Another to Act**

"[O]ne who fraudulently misrepresents to another that he intends to do or not do a certain thing in the future for the purpose of inducing the other to act in reliance thereon in a business transaction is liable to the other for the harm caused to him by his justifiable reliance upon the misrepresentation."

*See Kiffin v. Barshak*, No. 98-4363, 1999 U.S. Dist. LEXIS 5582, at *12 (E.D. Pa. April 12, 1999)

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 8

## **Fraud – Nondisclosure/Concealment**

The "nondisclosure or concealment of material facts amounts to culpable

misrepresentation no less than an intentional false affirmation."

*See Allstate Ins. Co. v. A.M. Pugh Assoc. Inc.*, 604 F. Supp. 85, 97 (M.D. Pa. 1984).

Given _____
Refused _____
Modified _____

10

Plaintiff's Requested Charge No. 9

## Negligent Misrepresentation

"One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information."

*Moffatt Enterprises, Inc. v. Borden, Inc.*, 807 F.2d 1169, 1174 (3d Cir. 1986) (quoting Restatement (Second) of Torts § 552).

Given _____
Refused _____
Modified _____

11

Plaintiff's Requested Charge No. 10

**<u>Fraud – Measure of Damages</u>**

In an action based on fraud, the injured party is entitled to all pecuniary losses which result from its reliance on the truth of the representations.  Lost profits damages are recoverable for fraud.  Lost future profits are an actual loss to a plaintiff.

*See GMH Associates, Inc. v. Prudential Realty Group*, 38 Pa. D & C 4th 225, 322, 324 (1998) (citing *Delahanty v. First Pennsylvania Bank*, 318 Pa. Super. 90, 118, 464 A.2d 1243, 1257 (1983)).

Given \_\_\_\_
Refused \_\_\_\_
Modified \_\_\_\_

Plaintiff's Requested Charge No. 11

## **Breach of Contract – Ascertaining Intent**

To determine what the manifested intention of the parties is, "look[ ] to the language of their agreement, the surrounding circumstances, the situation of the parties, and the objects they had in view."

*See O'Brien & Gere Engineers, inc. v. Taleghani*, 540 F. Supp. 1114, 1116 (E.D. Pa. 1982, *aff'd without opinion*, 707 F.2d 1394 and 707 F.2d 1395 (3d Cir. 1983) (citing *In re Carter*, 390 Pa. 365, 372, 134 A.2d 908, 912 (1957)).

Given \_\_\_\_
Refused \_\_\_\_
Modified \_\_\_\_

Plaintiff's Requested Charge No. 12

## Multiple Documents May Form Contract

A contract need not be embodied in one document. "Any number of documents can be taken together to make out the necessary written terms of the bargain provided there is sufficient connection made out between the papers. . . . "

*See American Leasing v. Morrison Co.*, 308 Pa. Super 318, 326 n.7,, 454 A.2d 555, 559 n.7

(1982) (citing 4. S. Williston, *Williston on Contracts* at 218 (3d ed. 1957).

Given _____
Refused _____
Modified _____

14

Plaintiff's Requested Charge No. 13

## **Breach of Contract – Duty of Good Faith**

The law imposes a duty upon each party to "carry out the purpose for which the contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract. Accordingly, a promise to do . . . [each] act necessary to carry out the contract . . . [is] . . . implied" in every contract.

*See Daniel B. Van Campen Corp. v. Building & Const. Trades Council*, 202 Pa. Super. 118, 122, 195 A.2d 134, 136-7 (1963) (quoting 8 *Pa. Law Encycl.* § 140).

Given _____
Refused _____
Modified _____

15

Plaintiff's Requested Charge No. 14

## **Breach of Contract – Failure to Keep a Promise**

The failure to keep a promise is a "breach" of the agreement at the time the failure occurs, regardless of whether the other party knows of the breach or, if it knows of it, does anything about it.

The remedy for such a breach may be measured from the time it occurred.

*See* Restatement (Second) of Contracts § 243(4) (1979).

Given _____
Refused _____
Modified _____

16

Plaintiff's Requested Charge No. 15

## **Breach of Contract - Damages – Expectation Interest**

If you find that the defendant breached the contract, then you must decide, based on the evidence plaintiff has presented, the amount of money damages which will compensate plaintiff for its loss as a result of the breach. Your aim, in calculating this amount, should be to put the plaintiff in as good a position as it would have occupied had the contract been performed.

*See ATACS Corp. v. Trans World Communications, Inc.*, 155 F.3d 659, 669 (3d Cir. 1998).

Given _____
Refused _____
Modified _____

17

Plaintiff's Requested Charge No. 16

**Breach of Contract – Damages – Fully Compensate for All Losses**

Should you decide that Plaintiff is entitled to receive damages for Defendant's breach of contract, the amount of your award must fully compensate plaintiff for all of its losses resulting from the breach.

*See Empire Props. v. Equireal, Inc.*, 449 Pa. Super. 476, 674 A.2d 297 (1996)

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 17

## **Breach of Contract – Damages – Deprivation of a Chance**

A recovery of substantial damages is warranted "'[w]here a breach of contract involves deprivation of a chance which has value in a business sense . . . .'"

*See Nemitz v. Bell Telephone Co.*, 225 Pa. Super. 202, 310 A.2d 376 (Pa. Super. 1973)

(quoting 11 S. Williston, *Williston on Contracts* § 1346).

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 18

**Breach of Contract – Reasonable Estimate of Damages**

In calculating the appropriate amount of damages, you may consider all direct and positive proof as well as probabilities and inferences which can be drawn from that proof. From all of that, you may make a reasonable estimate of the damages.

*See United Hosp., Inc. v. Comprehensive Care Corp.*, No. 90-3889, 1991 U.S. Dist. LEXIS 8836 (E.D. Pa. June 25, 1991).

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 19

**Breach of Contract – Damages-UCC**

Where the product delivered to the buyer does not conform to the contract, "there are three types of lost profits recoverable as consequential damages . . .: (1) loss of primary profits; (2) loss of secondary profits; and (3) good will damages, defined as a loss of prospective profits or business reputation."

*See AM/PM Franchise Association v. Atlantic Richfield Co.,* 526 Pa. 110, 132, 584 A.2d 915, 926 (1990).

Given _____
Refused _____
Modified _____

21

Plaintiff's Requested Charge No. 20

### **Breach of Contract – Damages – Proof of Lost Profits**

"[I]n establishing loss of future profits [or prospective profits] it is only the fact that some loss has resulted from the defendant's breach of contract which must be provided with certainty. Once that fact has been established the actual amount of the lost profits need not be proved with certainty but may be estimated from the facts in evidence, including the inferences to be drawn from them and the probabilities which they suggest."

*See Gardner v. the Calvert*, 253 F.2d 395, 399-400 (3d Cir. 1958), *cert. denied*, *Sound S.S. Lines, Inc. v. Gardner*, 356 U.S. 960 (1958); *see also Delahanty v. First Nat'l Bank*, 318 Pa. Super. 90; 464 A.2d 1243 (1983).

Given _____
Refused _____
Modified _____

22

Plaintiff's Requested Charge No. 21

## **<u>Breach of Contract – Damages – Loss of Anticipated Profits</u>**

"[A] party may recover damages or the loss of anticipated profits when they result from a breach of contract.  All damages resulting necessarily and directly from the breach are recoverable."

*See Gardner v. the Calvert*, 253 F.2d 395, 399-401 (3d Cir. 1958), *cert. denied, Sound S.S. Lines, Inc. v. Gardner*, 356 U.S. 960 (1958).

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 22

## **Breach of Contract – Damages – Mathematical Certainty Not Required**

Damages need not be proved with mathematical certainty.

*See Standard Pipeline Coating Co., Inc. v. Solomon & Teslovich, Inc.*, 344 Pa. Super. 367, 379,

496 A.2d 840, 846 (1985); *Lokay v. Lehigh Valley Cooperative Farmers, Inc.*, 342 Pa. Super. 89,

101, 492 A.2d 405, 411 (1985).

Given _____
Refused _____
Modified _____

24

Plaintiff's Requested Charge No. 23

### **Trade Secret – Definition**

Plaintiff claims that defendant misappropriated trade secrets.  A trade secret is "'any formula, pattern, device or compilation of information which is used in one's business, and gives . . . [one] an opportunity to obtain an advantage over competitors who do not know or use it.'"  It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers.

*See* Restatement of Torts § 757 (1939), cmt. b; *Rohm & Haas Co. v. Adco Chemical Co.*, 689 F.2d 424, 431 (3d Cir. 1982); *Reinforced Molding Corp. v. General Elec. Co.*, 592 F. Supp. 1083, 1088 (W.D. Pa. 1984) (quoting *Felmlee v. Lockett*, 466 Pa. 1, 9, 351 A.2d 273, 277 (1976)).

Given \_\_\_\_
Refused \_\_\_\_
Modified \_\_\_\_

Plaintiff's Requested Charge No. 24

## Unfair Competition – Definition of Trade Secret

"Pennsylvania courts adopt the Restatement (First) of Torts' definition of trade secret, which states that a trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for a machine or other device, or a list of customers.  A trade secret is a process or device for continuous use in the operation of the business.  The crucial indicia of determining whether certain information constitutes a trade secret are substantial secrecy and competitive value to the owner.  Moreover, confidentiality agreements is evidence of the secret nature of the subject information."

*See Air Prods. & Chem. v. Inter-Chemical Ltd.*, No. 03-CV-6140, 2003 U.S. Dist. LEXIS 23985, at *25 (E.D. Pa. Dec. 2, 2003).

Given _____
Refused _____
Modified _____

26

Plaintiff's Requested Charge No. 25

## **Unfair Competition – Imposition Of Liability**

"Pennsylvania recognizes a common-law claim of unfair competition under the

Restatement (Third) of Unfair Competition, which provides that one who causes harm to the

commercial relations of another by engaging in a business or trade is not subject to liability to

the other for such harm unless the harm results from acts or practices of the actor determined to

be actionable as an unfair method of competition, taking into account the nature of the conduct

and its likely effect on both the person seeking relief and the public.  Furthermore, a competitor

who diverts business from another through the wrongful use of confidential information, for

example, may in some circumstances be subject to liability for unfair competition even if the

conduct is not specifically actionable under the rules relating to deceptive marketing or

appropriation of trade secrets."

*See Air Prods. & Chem. v. Inter-Chemical Ltd.*, No. 03-CV-6140, 2003 U.S. Dist. LEXIS 23985,

at *34-*35 (E.D. Pa. Dec. 2, 2003) (citing Restatement (Third) Unfair Competition § 1(a)).

Given \_\_\_\_
Refused \_\_\_\_
Modified \_\_\_\_

27

Plaintiff's Requested Charge No. 26

## Trade Secrets/Unfair Competition/Disclosure Agreement - Damages

Where defendant has misappropriated plaintiff's trade secrets, or engaged in unfair competition or breached a disclosure agreement the measure of damages is the pecuniary loss to the plaintiff caused by the wrongdoing, or the pecuniary gain of the wrongdoer, whichever is greater.

*See Rohm and Haas Co. v. Adco Chemical Co.*, 689 F.2d. 424, 433-34 (3d Cir. 1982); *Sweetzel Inc v. Hawk Hill Cookies, Inc.*, No. 95-2632, 1996 U.S. Dist. LEXIS 8562, at*13 (E.D. Pa. June 19, 1996) (quoting Restatement (Third) Unfair Competition § 45(1), 1995).

Given _____
Refused _____
Modified _____

28

Plaintiff's Requested Charge No. 27

## Trade Secrets/Unfair Competition/Disclosure Agreement – Lost Profits

To prove lost profit damages, a plaintiff must show that it is reasonably certain that such profits would have been realized except for the defendant's wrongdoing, and the lost profits can be ascertained and measured with reasonable certainty from the evidence introduced.

See F.B. Leopold Co. v. Roberts Filter Manf. Co., No. 92-2427, 1995 U.S. Dist. LEXIS 17639, at *4, (W.D. Pa. June 26, 1995) (quoting Donsco Inc. v. Casper Corp., 205 U.S. P.Q. 245 (E.D. Pa. 1980)).

Given _____
Refused _____
Modified _____

Plaintiff's Requested Charge No. 28

## **Punitive Damages**

In addition to actual damages, the law permits a jury, under certain circumstances, to award the injured party [person] punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence in the case that plaintiff is entitled to a verdict for actual or compensatory damages, [and you further find that the act or omission of defendant which proximately caused actual injury or damage to plaintiff] because you find that Bayer committed fraud or stole Polymer Dynamics' trade secrets, and you find that Bayer's fraudulent conduct or theft of trade secrets was maliciously, or wantonly, or oppressively done, then you may add to the award of actual damages such amount as you shall unanimously agree to be proper as punitive and exemplary damages.

An act or failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, or trickery or deceit toward the injured [person individually, or toward all persons in one or more groups or categories of which the injured person is a member] party.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of [one or more persons, including the injured person] the injured party.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of [another person] the injured party with

30

unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of [another person] the injured party.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence [in the case], that defendant Bayer's [act or omission] conduct, which proximately caused actual damage to plaintiff Polymer Dynamics, was maliciously or wantonly or oppressively done. [You should always bear in mind that] Such extraordinary damages may be allowed only if you should first unanimously first award Polymer Dynamics a verdict for actual or compensatory damages on either its fraud or theft of trade secrets claims. If there is no award of compensatory damages on either one of those two claims, then you may not award any punitive damages.

You should also bear in mind, not only the conditions under which and the purposes for which the law permits an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in

amount because of any sympathy, or bias, or prejudice with respect to any party to the case.  If

you decide to award punitive damages, they must be reasonable and proportionate to the amount

of harm to the Plaintiff and the compensatory damages received.

Kevin F. O'Malley, et al., Federal Jury Practice & Instructions, Civil, Vol. 3, § 123.40 (West

Group 5th ed. 2000); s*ee also State Farm Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416, 426

(2002); *BMW of North America v. Gore*, 517 U.S. 559, 574, 581, 585-86 (1996).

Given _____
Refused _____
Modified _____

32

## CERTIFICATE OF SERVICE

I, Geraldine D. Zidow, hereby certify that I caused a true and correct copy of the

foregoing *Plaintiff's Requested Jury Instructions* to be served via e-mail on May 2, 2005, and via

hand delivery on May 3, 2005, both addressed as follows:

Teresa N. Cavenagh, Esquire
Duane Morris LLP
One Liberty Place
Philadelphia, PA  19103

TNCavenagh@duanemorris.com

Geraldine D. Zidow